UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

MARCOS CRUZ and ELOY MARTINEZ
BAUTISTA, *individually and on behalf of others
similarly situated*,

                      Plaintiffs,

               v.

JJ'S ASIAN FUSION INC. *d/b/a* JJ'S FUSION, ZI
JIE LIN, and HU DOE,

                      Defendants.

**ORDER**
20-CV-5120 (MKB) (RML)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Plaintiffs Marcos Cruz and Eloy Martinez Bautista commenced the above-captioned action against Defendants JJ's Asian Fusion Inc., doing business as JJ's Fusion, Zi Jie Lin, and Hu Doe on October 23, 2020, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "FLSA") and the New York Labor Law, N.Y. Lab. L. §§ 190, *et seq.* (the "NYLL").  (Compl. ¶ 16, Docket Entry No. 1.)  Plaintiffs allege that Defendants violated (1) the FLSA's minimum wage provisions, (*id.* ¶¶ 108–14), overtime compensation provisions, (*id.* ¶¶ 115–18), and tools of trade provision, (*id.* ¶¶ 138–40); and (2) the NYLL's minimum wage provisions, (*id.* ¶¶ 119–23), overtime compensation provisions, (*id.* ¶¶ 124–27), spread of hours provisions, (*id.* ¶¶ 128–31), notice and recordkeeping provision, (*id.* ¶¶ 132–34), wage statement provision, (*id.* ¶¶ 135–37), tools of the trade provisions, (*id.* ¶¶ 138–40), unlawful deductions provision, (*id.* ¶¶ 141–46), and timely payment provisions, (*id.* ¶¶ 147–49).  Defendants failed to appear or otherwise defend this action, and the Clerk of Court entered default against them on March 26, 2021.  (Clerk's Entry of Default, Docket Entry No. 18.)  On April 13, 2021, Plaintiffs

moved for default judgment, (Pl.'s Mot. for Default J., Docket Entry No. 19), and the Court referred the motion to Magistrate Judge Robert M. Levy for a report and recommendation, (Order Referring Mot. dated April 13, 2021).

By report and recommendation dated January 11, 2022, Judge Levy recommended that the Court grant Plaintiffs' motion for a default judgement and find Defendants jointly and severally liable for (1) $822,251.00 in unpaid wages, liquidated damages, and statutory damages, consisting of $302,400.00 for Eloy Martinez Bautista and $519,851.00 for Marcos Cruz; (2) pre-judgment interest on their unpaid wages at a per diem interest rate of $36.05 from April 24, 2019, to the date of the Court's judgment for Eloy Martinez Bautista and at a per diem interest rate of $62.86 from July 4, 2017, to the date of the Court's judgment for Marcos Cruz; (3) post-judgment interest at the rate set forth in 28 U.S.C. § 1961(a) from the date of entry of judgment; and (4) $2,950 in attorneys' fees and $655 in costs (the "R&R"). (R&R 27, Docket Entry No. 23.)

No objections to the R&R have been filed and the time for doing so has passed.

**I.  Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any

purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

Accordingly, the Court adopts the R&R and grants Plaintiffs' motion for a default judgment against Defendants. The Court awards (1) a total of $822,251.00 in unpaid wages, liquidated damages, and statutory damages, consisting of (a) $302,400.00 for Eloy Martinez Bautista and (b) $519,851.00 for Marcos Cruz; (2) pre-judgment interest on their unpaid wages (a) at a per diem interest rate of $36.05 from April 24, 2019, to the date of the Court's judgment for Eloy Martinez Bautista and (b) at a per diem interest rate of $62.86 from July 4, 2017, to the date of the Court's judgment for Marcos Cruz; (3) post-judgment interest at the rate set forth in 28 U.S.C. § 1961(a) from the date of entry of judgment; and (4) $2,950 in attorneys' fees and $655 in costs.

3

Plaintiffs are directed to serve copies of this Order upon Defendants at their last known address and to file proof of service with the Court. The Clerk of Court is respectfully directed to close this case.

Dated: February 24, 2022
      Brooklyn, New York

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge